# UNITED STATES
### v.
# VICTOR V. RIVERA.

Mayaguez, Criminal, No. 601.

ON THE ADMISSION OF TESTIMONY RELATIVE TO A CONFESSION.

Confession—Involuntary.

A confession made to a postoffice inspector at 10 o'clock P. M., without counsel being in attendance and without any warning being given that the defendant's statements might be used against him, is not a voluntary confession and hence inadmissible. The fact that the examination was not made under oath is immaterial.

Opinion filed January 14, 1916.

*Mr. Miles M. Martin,* U. S. Attorney, for the government.

*Mr. Frank Martinez* for the defendant.

HAMILTON, Judge, delivered the following opinion:

If the present defendant were on the stand and were asked the questions concerning the matter now inquired about, he would have a right to refuse to answer, and, on objection of counsel, or possibly *ex mero motu,* the court would warn him that any testimony might be used against him. So, if it was on a preliminary examination.

The question comes up. Can the prosecuting authorities get

NOTE.—For an elaborate treatment of the question, When confession is voluntary, see notes in 18 L.R.A.(N.S.) 772, and 50 L.R.A.(N.S.) 1077.

VIII. Porto Rico—26.

at the same result indirectly by having a semi-official investigation and calling a man before them to give testimony, and perfectly freely, so far as the evidence shows, without any threats or inducements of any kind, getting information from him, and then afterwards using it against him without warning him that it will be used against him? Is that admissible? That is one side of it.

The other side is that the defendant has the right to make a confession. Of course I do not know what passed. I am not saying that this was a confession, but it seems to be material testimony against the defendant, or the questions would not be asked now. The government has the right to use a confession of the defendant when voluntarily made; and the question is, Which of those two rules should control in this particular case?

The authority handed me. Underhill on Evidence, proceeds upon the distinction which I have just indicated between statements involuntarily procured and voluntary confessions. The first, of course, are not admissible. The second are admissible. The exact point in this case, as I understand it, is this. Here is a case of a forged money order. An indorser upon it is brought at night before a postoffice inspector, the postmaster, and perhaps others, and there is a conversation between them. There is an investigation on the part of the officials, although not under oath, and something was said—the court does not know what—by the defendant, which is now sought to be brought out in a trial of that defendant. He was not a defendant at the time. He was not arrested until the next day. No inducement was offered to him to confess, and he was not warned that anything he said would be used against him.

The question comes up. Is that statement a voluntary confes-

United States v. Rivera.

sion, or is it a statement obtained in such a manner that under the law it should not be used upon the trial? The fact that it was not under oath makes no difference. A confession does not have to be under oath. The fact that the examination did not require an oath is not material. The fact that this was not a grand jury or an official examination required by law does not seem to be material. It would never do if there could be an investigation not provided by law at which a statement is obtained from a man, and then afterwards that statement is used against him in a proceeding which is judicial and in which there is a provision for an oath. It would be enabling the government to do indirectly what it could not do directly. That feature of it is not material, and this is to be recollected. This is a proceeding in a Federal court. The local provisions as to examination of defendants do not precisely obtain. They may obtain, but I mean they rest upon a different basis. The procedure in the Federal court is based upon the Constitution and statutes made in pursuance of the Constitution. The 5th Amendment to the Constitution has, among other provisions, this: "Nor shall any person be compelled in any criminal case to be a witness against himself." I think the point here is whether the present matter comes under that provision or not. This court has previously decided that this amendment, or at least the preceding amendment, applies to territories and applies to Porto Rico.

It has been decided by the Supreme Court of the United States that this provision must have a broad construction in favor of the right which it was intended to secure. Counselman v. Hitchcock, 142 U. S. 562, 35 L. ed. 1113, 3 Inters. Com. Rep. 816, 12 Sup. Ct. Rep. 195, decided in 1892, reversing previous cases.

United States v. Rivera.

This "clause should be construed, as it was doubtless designed, to effect a practical and beneficent purpose,—not necessarily to protect witnesses against every possible detriment which might happen to them from their testimony, nor to unduly impede, hinder, or obstruct the administration of criminal justice." Brown v. Walker, 161 U. S. 596, 40 L. ed. 820, 5 Inters. Com. Rep. 369, 16 Sup. Ct. Rep. 644.

"This constitutional provision, which has long been regarded as one of the safeguards of civil liberty, should be applied in a broad spirit to secure to the citizen immunity from every kind of self-accusation. A literal construction would deprive it of its efficacy." Re Nachman, 114 Fed. 996. That was decided in 1902.

"It is impossible that the meaning of the constitutional provision can only be that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself. It would doubtless cover such cases; but it is not limited to them. The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard." That is the same case of Counselman v. Hitchcock. It applies even to aliens, because within the United States they are protected in their personal rights the same as citizens.

"The compulsion prohibited by the 5th Amendment is not alone physical or mental duress, such as comes from unlawful commands and authoritative orders by those engaged in extorting testimony, but comprehends also that lesser degree of compulsion which subjects the citizen to some important disad-

vantage by the use of means to procure the evidence which it is desired should be extracted from him." United States v. Bell, 81 Fed. 837, decided in 1897.

In an examination before a pension commissioner, "unless a witness, manifestly ignorant of his privilege, is informed of it by the examiner so that he may protect himself, consult counsel if he desires, and assert his right to remain silent, the examination cannot be used in evidence against him, even on an indict-ment for false swearing in the progress of the examination it-self. The examiner must do what the courts generally, if not always do, in examining a witness in danger of incriminating himself,—warn him of the danger, and advise him of his con-stitutional privilege." That, also, is from the case of the United States v. Bell.

This seems to exhaust the direct authority upon the subject, and it seems that in this case the prisoner was not warned that what he said could be used against him. It seems to the court upon the whole that this case comes within the principle of the Bell Case. A confession to be admissible must be perfectly vol-untary, and where a man is examined by government officials at 10 o'clock at night with no counsel, the presumption is not in favor of its being wholly voluntary,—and this without the slight-est reflection upon the officials at all. It is simply examining its admissibility as evidence from the constitutional point of view. So the court will sustain the objection.